UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UBS FINANCIAL SERVICES, INC., WAGE
AND HOUR EMPLOYMENT PRACTICES LITIGATION

| | |
|---|---|
| Eliot Cohen v. UBS Financial Services, Inc., et al., <br>     C.D. California, C.A. No. 2:11-03623 <br> Larry LaVoice v. UBS Wealth Management Americas, et al., <br>     S.D. New York, C.A. No. 1:11-02308 | ) <br> ) <br> ) <br> )     MDL No. 2279 |


ORDER DENYING TRANSFER


**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in the above-captioned actions move for centralization of these two actions in the Southern District of New York. Common defendants UBS AG and UBS Financial Services, Inc. (collectively UBS) support the motion.

We agree that both actions share factual issues arising out of allegations that UBS failed to pay overtime as a result of misclassifying UBS financial consultants, advisors, securities brokers or trainees as exempt from overtime pay under the Fair Labor Standards Act and either the California or New York wage and hour statutes. The Panel, however, is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation at this time.

Where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization. *See In re Transocean Ltd. Sec. Litig. II,* 753 F. Supp. 2d 1373 (J.P.M.L 2010); *In re Scotch Whiskey Antitrust Litig.*, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Movants have not met that burden. Here, the Panel is convinced that cooperation among the parties and deference among the courts can easily minimize the possibilities of duplicative discovery or inconsistent pretrial rulings in the two actions now before the Panel. *In re CVS Caremark Corp. Wage and Hour Emp't. Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010)(noting that the Panel is less likely to grant a motion for centralization where, *inter alia*, only a few actions are involved). The cases here are not particularly complex. And, informal cooperation to avoid duplicative proceedings is appropriate where plaintiffs share counsel. *In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377 (J.P.M.L. 2011); *In re Rite Aid Corp. Wage and Hour Emp't Practices Litig.*, 655 F. Supp. 2d 1376 (J.P.M.L. 2009).

Although all parties agree that centralization is appropriate, the Panel has an institutional

---

[*]  Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

-2-

responsibility that goes beyond accommodating the particular wishes of the parties. In that role, the Panel considers whether centralization outside the plaintiffs' original choice of forum is necessary to achieve efficiencies and promote justice. *In re Equinox Fitness Wage and Hour Emp't Practices Litig.*, 764 F. Supp. 2d 1347 (J.P.M.L 2011). Indeed, this is not the first time that the Panel has denied centralization of an unopposed Section 1407 motion involving only two actions. *See, In re UPS Supply Chain Solutions, Inc., Fair Labor Standards Act (FLSA) Litig.*, 729 F. Supp. 2d 1356 (J.P.M.L., 2010) (denying unopposed Section 1407 motion involving only two actions); *In re H&R Block, Inc., Wage and Hour Emp't. Practices Litig.*, 729 F. Supp. 2d 1358 (J.P.M.L. 2010) (denying unopposed Section 1407 motion involving only two actions and a potential tag-along action); and *In re CableNet Services Unlimited, Inc., Fair Labor Standards Act (FLSA) Litig.*, 716 F. Supp. 2d 1363 (J.P.M.L. 2010) (denying centralization involving two actions pending in adjacent districts within the same state).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         Frank C. Damrell, Jr.
Barbara S. Jones          Paul J. Barbadoro
Marjorie O. Rendell